**James SINGH, Plaintiff–Appellant,**

v.

**CAPITAL UNIVERSITY LAW AND GRADUATE CENTER, et al., Defendants–Appellees.**

No. 01–3833.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2002.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; WISEMAN,
District Judge.*

This pro se litigant appeals a district court judgment imposing sanctions against him pursuant to Fed.R.Civ.P. 11. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

James Singh originally brought suit under 42 U.S.C. §§ 1981, 1983, 1985(3) and 2000d, as well as 20 U.S.C. § 1681(a) and state law, primarily alleging that the defendants discriminated against him because of his race, gender, and nationality, by conspiring to deprive him of his right to complete his law school education at defendant Capital University. In particular, Singh alleged that a fellow law student,

defendant Waterfield, had accused him of behavior which the other defendants improperly determined was in violation of the law school's policy on sexual harassment. The district court dismissed Singh's complaint pursuant to Fed.R.Civ.P. 12(b)(6), and this court affirmed on appeal. *Singh v. Capital Univ. Law & Graduate Ctr.*, No. 98–4299, 1999 WL 1253072 (6th Cir. Dec.17, 1999) (unpublished table decision).

While that appeal was pending, the defendants moved for sanctions under Fed. R.Civ.P. 11. The district court conducted a hearing and granted the defendants' motion for sanctions. Upon the defendants' submission of their claimed costs, the district court fined Singh $1,000 and imposed sanctions against Singh in the amount of $2,000. Acknowledging that Singh had represented to the court that he had a low annual income, the district court offered Singh the option to complete 400 hours of community service at a rate of ten hours per week, until such time that he was employed and able to make the monetary payments. The district court further ordered Singh to advise the court, by affidavit, of the community service he would be providing, and to continue to advise the court on a regular basis of his ongoing compliance. Singh appealed and this court affirmed the district court's decision after concluding that the district court did not abuse its discretion in imposing Rule 11 sanctions in any respect. *Singh v. Capital Univ. Law & Graduate Ctr.*, No. 99–3564, 2000 WL 302778 (6th Cir. Mar.17, 2000) (unpublished table decision).

After a series of show cause orders and hearings occasioned by Singh's refusal to comply with the district court's order imposing Rule 11 sanctions, the district court held a show cause hearing on February 8, 2000. Singh was represented by court-

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

appointed counsel at this hearing. At the conclusion of the show cause hearing, the district court found Singh in civil contempt. The court ordered Singh arrested and imprisoned until 4:30 p.m. that same day. On appeal, a panel of this court affirmed the district court's judgment holding Singh in civil contempt. *Singh v. Capital Univ. Law & Graduate Ctr.*, No. 00–3244, 2000 WL 1720616, at *3 (6th Cir. Nov.7, 2000) (unpublished table decision). Thereafter, Singh petitioned the district court to set aside the contempt order entered on February 8, 2000. The district court denied the petition in an order dated April 2, 2001, and ordered Singh to show cause why he should not be held in contempt. On April 19, 2001, the district court ordered Singh to make weekly payments of $20 until he satisfied the $3,000 that he was originally ordered to pay. In addition, the district court ordered Singh to perform 400 hours of community service.

Singh appeals that judgment seeking to have "the whole case . . . reopened" and de novo review of the validity of the Rule 11 sanctions.

To the extent that Singh seeks to have the "whole case . . . reopened" and challenges the validity of the underlying Rule 11 sanctions, his challenge is barred by the law of the case doctrine. Under this doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994). The law of the case doctrine holds that once an appellate court has ruled on a particular issue, absent exceptional circumstances, the ruling is final and must be followed by the district court on remand. *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 (6th Cir.1990).

This suit is duplicative of the dismissals affirmed in *Singh v. Capital Univ. Law &*

*Graduate Ctr.*, No. 99–3564, 2000 WL 302778 (6th Cir. Mar.17, 2000), and *Singh v. Capital Univ. Law & Graduate Ctr.*, No. 00–3244, 2000 WL 1720616 (6th Cir. Nov.7, 2000). In those cases, this court affirmed the district court's imposition of Rule 11 sanctions (No. 99–3564) and affirmed the district court's contempt of court judgment (No. 00–3244). Because Singh merely reasserts claims that have been decided against him in the district court and on appeal, the law of the case doctrine proscribes revisiting them, and this case presents no extraordinary circumstances warranting re-opening of the underlying Rule 11 judgment or the contempt of court judgment.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.